UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SALEM7FS LLC D/B/A SALEM FOOD STORE, & AMJAD M. CHAUDHRY, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, & UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE <br><br> Defendants. | Civil Action No. 1:22-cv-10184 |

**CIVIL COMPLAINT, JURY TRIAL DEMANDED**

Plaintiffs Salem7FS, LLC d/b/a Salem Food Store and Amjad M. Chaudhry ("Plaintiffs"), by their undersigned counsel, file this Complaint against Defendants United States of America and United States Department of Agriculture, Food and Nutrition Service, and allege as follows:

1. This action is brought pursuant to 7 U.S.C. § 2023 for de novo judicial review of a final decision of the United States Department of Agriculture (the "Department") permanently disqualifying Plaintiffs from participating as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP"), also commonly known as the Food Stamp Program.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, this being an action arising under the Constitution and laws of the United States, and pursuant to 7 U.S.C. § 2023(a)(13), and 5 U.S.C. § 703.

1

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) and 7 U.S.C. § 2023(a)(13), because the acts complained of herein occurred in Salem, Massachusetts, which is within the District of Massachusetts, and is also the location of the Plaintiffs' store.

4. Plaintiff SalemFS LLC d/b/a Salem Food Store is a food market with a principal place of business at 126 North Street, Salem, Massachusetts 01970-2549.

5. Plaintiff Amjad Chaudhry ("Mr. Chaudhry") is an individual who resides at 151 City Depot Road, Charlton, Massachusetts 01507.  Mr. Chaudhry owns, manages and operates SalemFS LLC d/b/a Salem Food Store.  On information and belief, Mr. Chaudhry is considered by FNS to be a party to this matter, based on FNS's correspondences, which are each addressed primarily to Mr. Chaudhry.

6. The Secretary of Agriculture issues regulations for SNAP, and the Department's Food and Nutrition Service ("FNS") administers the program in accordance with the Food Stamp Act, 7 U.S.C. §§ 2011-2036, and applicable regulations, 7 C.F.R. §§ 270-282.  The corresponding Pandemic Electronic Benefit Transfer ("P-EBT") regulations are found at 7 C.F.R. § 284.1.

7. Plaintiffs applied, and at all time relevant hereto were authorized, to participate in SNAP as an authorized retailer.

8. SNAP provides benefits to qualified recipients through an Electronic Benefit Transfer ("EBT") system, and P-EBT system. Recipients pay for eligible food purchases at authorized SNAP retailers using their EBT card.  The EBT card operates like a debit card.  When a purchase is made, a recipient's EBT card is swiped on a point-of-sale device, at which time the recipient enters his or her

personal identification number.

9. On information and belief, each authorized store's point-of-sale system transmits sales information to a government repository, which stores the information.

10. On June 21, 2021, FNS issued a letter to Plaintiffs alleging that an analysis of EBT transactions, or P-EBT transactions, between December 1, 2020, and April 30, 2021, as well as other records in FNS's possession, showed "transactions that establish clear and repetitive patterns of unusual, irregular and inexplicable activity for your type of firm." FNS charged Plaintiffs with "trafficking," which is defined by regulation to mean the "buying or selling of coupons, ATP cards or other benefit instruments for cash or consideration other than eligible food ...."

11. Annexed to the June 21, 2021, letter were: an attachment listing 50 sets of transactions made from the accounts of individual households "within a set time period," between December 1, 2020 and April 30, 2021; an attachment listing approximately 209 transactions alleged to be "large," from between December 1, 2020 and April 30, 2021; and a report listing store characteristics and data from a site visit to the Plaintiffs' store conducted by On-Site Reviewer Pamela Hamilton, on behalf of a Prime Contractor named One Federal Solution, on April 14, 2021.

12. On July 6, 2021, Plaintiffs responded to the charges in writing in a timely manner, providing documents and information to FNS and requesting a civil money penalty ("CMP") in lieu of disqualification.

13. On August 2, 2021, Plaintiffs responded to the trafficking charges in writing in a timely manner, providing information to FNS and requesting that the trafficking charges be dismissed or withdrawn.

14. By letter dated August 30, 2021, FNS in a boilerplate, preprinted form letter with no discussion of facts or of Plaintiffs' arguments, summarily imposed a permanent disqualification against Plaintiffs, for trafficking, and denied Plaintiffs' CMP request.

15. By letter dated September 8, 2021, Plaintiffs made a timely request for administrative review, to the Department's Administrative Review Branch, of the August 30, 2021, decision.

16. On November 12, 2021, Plaintiffs submitted additional information and evidence in support of their request for administrative review.

17. Between November 12, 2021, and January 3, 2022, the Department did not request further information or evidence from Plaintiffs, did not reveal to Plaintiffs any of the information or records in the Department's possession that had not already been disclosed to Plaintiffs that it used as the basis for its consideration and determination of Plaintiffs' administrative review request, and did not give Plaintiffs any opportunity to rebut or explain these additional facts in its possession that were reviewed before affirming the brethren agency employees' prior decision/s.

18. In a Final Agency Decision dated January 3, 2022, the Department's Administrative Review Branch upheld the permanent disqualification of Plaintiffs as an authorized SNAP retailer.

19. Pursuant to 7 U.S.C. § 2023(a)(15), the decision of the Department is subject to *de novo* judicial review.

20. This action is timely filed in accordance with 7 U.S.C. § 2023(a)(13) and 7 C.F.R.

§ 279.7(a).

21. The Department's disqualification action was based on its findings that the computerized EBT data for the period from December 2020, through April 2021, and analysis of other Department records including the April 14, 2021, store visit report, "including a review of [the] store's characteristics, food stock and store pricing gathered from visit(s) to the store," indicated: (1) "multiple transactions were made from the accounts of individual households within a set time period"; and (2) Plaintiffs' "store conducted EBT transactions that are large based on the observed store characteristics and recorded food stock."

22. The Department presented no direct evidence of trafficking.

23. The Department presented no other proof other than circumstantial evidence consistent with innocent activity.

24. The Department's decision was erroneous. The Department improperly relied merely on the raw EBT data, engaged in unsupported speculation, and either disregarded or gave insufficient consideration to the facts, evidence and arguments presented by Plaintiffs concerning the business, its purchases and sales, its customers, and its transactions. Contrary to the Department's conclusions, the subject information, records and data of EBT transactions does not establish trafficking.

25. The Department failed to disclose numerous facts, records and allegations in its possession necessary and integral to its decisions in this matter to Plaintiffs at any time, violating the controlling regulations and Plaintiffs' due process rights and precluding Plaintiffs' ability, and right, to receive notice of the facts against them

and to present evidence in their favor rebutting or explaining those facts. For instance, numerous facts and allegations in the government's possession were stated for the first time in the Administrative Review decision dated January 3, 2022, which Plaintiffs had no opportunity to explain or rebut, and which Plaintiffs could have explained or rebutted, if given the opportunity.

26. The evidence will demonstrate that there was no trafficking.

27. In support hereof, Plaintiffs expressly refer to and incorporate herein by reference the entire administrative record, including all facts, information and records in the possession, custody and control of Plaintiffs as well as all facts, information and records in the possession, custody and control of the Department whether or not disclosed to Plaintiffs and whether or not considered by each Department employee or official in reviewing and deciding issues integral to the government's conclusions in this matter.

28. The decision to permanently disqualify Plaintiffs was improper, arbitrary and capricious.

29. The decision to deny Plaintiffs' request for a civil money penalty under 7 C.F.R. § 278.6(i), was erroneous.

**Plaintiffs demand a jury trial on all issues so triable.**

WHEREFORE, Plaintiffs request that judgment enter in favor of Plaintiffs:

A. Finding and ruling that Plaintiffs did not engage in trafficking in violation of the Food Stamp Act and regulations;

B. Reversing and vacating the Final Agency Decision permanently disqualifying Plaintiffs; and ordering dismissal, with prejudice, of the trafficking charges;

C. Directing that Plaintiffs be reinstated to participation as an authorized retailer in the Supplemental Nutrition Assistance Program;

D. Finding and ruling that, in any event, Plaintiffs were entitled to a Civil Money Penalty in lieu of disqualification; and

E. Awarding such other and further relief as the Court deems proper.

Respectfully submitted,
For Plaintiffs,
Salem7FS LLC d/b/a Salem Food Store, &
Amjad M. Chaudhry

Date:  February 3, 2022        /s/W. Matthew Iler, Jr.
W. Matthew Iler, Jr. BBO#564488
P.O. Box 322
Charles Street Station
Boston, MA  02114
miler@ilerlawoffice.com
Tel.:  (617) 835-1626
Fax: (978) 338-0300